Charlie Hodges v. The State.

No. 2557.  Decided January 28, 1903.

**1.—Permitting Gaming in a Hotel—Indictment—Negativing Exception.**

Article 379, Penal Code, as amended, prohibits playing at cards in any house for retailing spirituous liquors, storehouse, tavern, inn, etc., * * * or at any place, "except a private residence occupied by a family." Held, it is not necessary to negative this exception in an indictment for playing or permitting cards to be played in any of those houses which are enumerated as public houses, it not being descriptive of the offenses played in such public houses. The allegation of one of the public houses named negatives the idea that it was a private residence.

**2.—Same.**

On a trial for permitting gaming in a hotel, the indictment is sufficient which alleges in general terms, that the playing was at a hotel; and it is not necessary that it should designate any particular room. That the room was a private room, is defensive matter which may be shown by defendant.

**3.—Same.**

On a trial for permitting gaming in a hotel, where it was objected that the proof did not show this offense, but if any offense, that defendant rented a room for purposes of gaming; Held, defendant should have requested a charge on this subject, if he believed the evidence authorized it; and not having done so, the only question on appeal was whether there was sufficient evidence to support the allegation that the game was permitted in a room of a hotel under defendant's control.

**4.—Same.**

See opinion for evidence summarized, which is held sufficient to support a conviction of permitting gaming in a hotel under defendant's control.

Appeal from the County Court of Dallas.  Tried below before Hon. Ed. S. Lauderdale, County Judge.

Appeal from a conviction for permitting gaming in a house under defendant's control; penalty, a fine of $50.

The case is sufficiently stated in the opinion.

*Ellison & Cohron,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of permitting gaming on premises under his control, and fined $50, and prosecutes this appeal.

The charging part of the count in the indictment under which he was convicted reads as follows: "Did unlawfully permit a game with cards to be played in a room and house under his control; the said house then and there being a public place, to wit, a hotel inn." Appellant made a motion to quash the indictment on several grounds—among others, that under the law as amended, and under which this indictment was brought, the indictment should contain the negative averment, to wit, that said hotel inn was not a private residence occupied by a family. This brings in review a construction of the amendment to articles 379, 381, White's Annotated Penal Code, on the subject of gaming, so far as they relate to this question. It will be noted that

article 379, as amended, follows the original article, and includes every public house or public place mentioned by name which was contained in the original article, and then, in addition, makes it an offense for a person to play a game with cards at any place, except a private residence occupied by a family; that is, the portion of said article relating to this offense, as amended, reads as follows: "If any person shall play at any game of cards at any house for retailing spirituous liquors, storehouse, tavern, inn, or other public house, or in any street, highway or other public place, or in any outhouse where people resort, or at any place except a private residence occupied by a family, he shall be fined," etc. Now, the question presented is, does the phrase and sentence, "except at a private residence occupied by a family," qualify or enter into the definition of any of the places mentioned by name in the amended statute, or is it confined to any other place, except those places mentioned? We understand the rule deduced from the authorities is to the effect that if the negative averments are contained in the enacting clause, and are essentially descriptive of the offense, then such negative averments must be set out in the indictment. On the contrary, although such negative averments may be in the enacting clause, still, if it is not essentially descriptive of the offense, it need not be set out in the indictment. See State v. Duke, 42 Texas, 455, and authorities there cited. Here if it be conceded that the exception of a private residence is contained in the enacting clause, yet it is not essentially descriptive of the offense alleged. Indeed, the places named, by their very terms and our understanding of the language, contravene the idea that they are a private residence. In ordinary parlance, a store or hotel or saloon is not a private residence, and the allegation of one of these in the indictment of itself contravenes and negatives the idea that it is a private residence. The repetition that such a house named is not a private residence would only be putting the allegation in another form. This construction is reinforced when we look at the article before its amendment and since. Indeed, the amendment, as shown above, was merely the addition of another clause, enumerating other places where playing cards was inhibited besides those previously mentioned; and in connection with the clause added, naming other places, we find the exception of a private residence. This is the addition of another clause to the statute, and the qualification or limitation is found in and refers to that clause alone. The views above expressed are further reinforced when we recur to the fact that article 380 is left unrepealed by the amendment, and this article enters into, qualifies, and explains the public houses mentioned in article 379; and, in our view, article 379, as to the public houses and places named, is left by the amendment as it previously existed.

The indictment here set out, alleging that the permitted game was played at a hotel under the control of appellant, etc., under the former decisions of this court, was a proper indictment charging the offense. O'Brien v. State, 10 Texas Crim. App., 544. In Weiss v. State, 16 Texas Crim. App., 432, it was held that "room" and "house" are not

synonymous terms, and, if the indictment here merely charged a room attached to said hotel, it should have been further described.    For other authorities on this proposition, see White's Ann. Penal Code, sec. 621. However, we understand the indictment does not designate any particular room, but alleges, in general terms, that the playing was at a hotel.   In Comer v. State, 26 Texas Crim. App., 509, it was held that ordinary rooms of a hotel, not used or occupied by guests, are public rooms, and do not become private when rented temporarily and used for the purpose of playing cards.    We understand our decisions on this subject to hold that, where it is alleged that a game of cards was played at a hotel, it is sufficient.    If it was a private room of the hotel, this is a defensive matter, which may be shown by the defendant.    If a room of a hotel is taken by a guest for a night or a day, or as a residence for a time, this, under the law as it formerly stood, might become a private room and so not within the terms of the inhibition of the statute.

However, appellant contends that the proof here showed, if any offense, not the offense of permitting a game of cards to be played in a hotel under his control, which is inhibited under article 389, but the indictment, according to the evidence, should have been brought against appellant under article 390, for renting a room of a hotel for the purpose of gaming.   On this subject we are referred to Borchers v. State, 31 Texas Crim. Rep., 517.   We would observe that no charge was asked, by appellant on this subject, and, it being a misdemeanor, if appellant believed the evidence authorized such a charge, he should have requested it.   With us it is simply a question as to whether or not there is sufficient evidence to sustain the allegation that the game was permitted in a hotel, or a room of a hotel, under appellant's control.   While the record discloses that the room or rooms of the hotel where the playing occurred were rented by the month to Carroll, yet the evidence further discloses that these rooms were, like other rooms of the hotel, under the control of appellant, and there is no evidence showing that they were of a private character.   True, a bed was found in the room, but no testimony that Carroll or anyone else ever slept in that bed.   In the same room was a gambling outfit, a table, and the paraphernalia required to play the game of poker.   Appellant superintended this room, as he did the other rooms of the hotel, and had ingress and egress to it for the purpose of supervising and keeping it in order.   His rental of the room was not inconsistent with his character of landlord.   Therefore we hold that the evidence was ample to sustain the conviction on that branch of the case.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]