## PAT WILKERSON V. THE STATE.

### No. 2550.   Decided February 11, 1903.

Motion for Rehearing Decided March 18, 1903.

#### 1.—Playing Cards in a Hotel—Indictment.

An indictment brought under article 379, White's Annotated Penal Code, for playing cards in a room in a hotel, is sufficient although it does not negative that the cards were played at a private residence. Following Hodges v. State, ante, p. 444.

#### ON REHEARING.

#### 2.—Indictment—Pleading Statutory Exceptions.

If a statutory exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then the exception must be pleaded; but if it is not so incorporated with the clause defining the offense, then it is a matter of defense that must be proved by defendant, though it be in the same section, or even in the succeeding section.

#### 3.—Gaming—Article 379, Penal Code.

Under the amended article 379, White's Annotated Penal Code, as to gaming, the latter clause, "or at any place except a private residence occupied by a family," does not enter into the definition of any of the previous clauses of said article, but was simply intended to cover all places not previously prohibited; and it is not necessary to negative it in an indictment charging the playing in any of the previously enumerated public houses or places.

Appeal from the County Court of Dallas.   Tried below before Hon. Ed S. Lauderdale, County Judge.

Appeal from a conviction of playing cards in a room of a hotel; penalty, a fine of $10.

No statement required.

*Miller & Fouraker,* for appellant, as to necessity of negativing the statutory exception in the indictment, cited specially Colchell v. State, 23 Texas Crim. App., 584.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the indictment under which appellant was convicted alleges that he "did unlawfully play at a game with cards in a public place, to wit, a room in the St. George Hotel building, then and there occupied and used for the purpose of gaming." It is contended, under article 379, White's Annotated Penal Code, as amended, that this indictment is not sufficient, because it fails to negative the fact that the game of cards was in a private residence. The amended article reads as follows: "If any person shall play at any game with cards at any house for retailing spirituous liquor, storehouse, tavern, inn or other public house, or in any street, highway, or other public place, or in any outhouse where people resort, or at any place except a private residence occupied by a family, he shall be fined." The contention is that the expression, "or at any place except a private residence occupied by a family," relates to and qualifies all the provisions of the article. This article prohibits gaming

in four different sections—at public places, such as houses for retailing spirituous liquor, storehouse, tavern, inn, and other public houses; or any street, highway, or other public place; or in an outhouse where people resort; or at any place except a private residence. The latter clause is simply to cover all other places not enumerated in the three previous subdivisions, and does not apply to and qualify the previous subdivision. Appellant was indicted under the first clause of this statute, and Comer's case, 26 Texas Crim. App., 509, is in point. Therefore we are of opinion that the indictment is sufficient. Hodges v. State, ante, p. 444. This is the only question presented for revision.

There being no error in the record, the judgment is affirmed.

*Affirmed*

ON REHEARING.

DAVIDSON, Presiding Judge.—On a former day of this term the judgment herein was affirmed. The only question discussed was the sufficiency of the indictment. We are now asked to review the original opinion sustaining the indictment, urging error in so doing under the act approved March 12, 1901, on page 26, chapter 22, Acts Twenty-seventh Legislature. Article 379, White's Annotated Penal Code, was so amended by said Legislature to read as follows: "If any person shall play at any game of cards at any house for retailing spirituous liquors, storehouse, tavern, inn, or other public house, or in any street, highway or other public place, or in any outhouse where people resort, or at any place except a private residence occupied by a family; or if any person shall bet or wager any money or other thing of value, or representative of either, at any game of cards, except in a private residence occupied by a family, and the provisions of this act that permit gaming in a private residence shall not apply in case such residence is one commonly resorted to for the purpose of gaming, he shall be fined not less than ten nor more than twenty-five dollars." Article 381: "In prosecutions under the two preceding articles it shall not be necessary for the State to prove that any money or article of value, or the representative of either, was bet at such game when the prosecution is for playing cards at a house for retailing spirituous liquors, storehouse, tavern, inn or any other public place, or in any street, highway, or other public place, or in any outhouse where people resort, or at any place except a private residence occupied by a family; provided, that nothing in this title shall be so construed as to prevent the playing of any game for amusement at a private residence occupied by a family." The contention of appellant is that in the first portion of article 379 the clause "at any place except a private residence occupied by a family," enters into and forms a part of the definition of the preceding clause of said article, and, that being true, it is necessary, wherever the indictment charges the playing of cards at a house for retailing spirituous liquors, storehouse, tavern, inn, public house, etc., the indictment must also negative the fact that it is a

private residence occupied by a family.    We have carefully reviewed this
matter in the light of the authorities, and are more fully convinced that
the original opinion is correct, and appellant's contention erroneous.
We think this is manifest from reading the subsequent portion of said
article with reference to betting at these places, as well as the matters
mentioned in article 381, quoted above.  If appellant's contention is
correct, then every indictment under article 379 with reference to play-
ing cards at a house for retailing spirituous liquors, storehouse, tavern,
inn, or other public houses, or any street, highway or other public places,
or any outhouse where people resort, must negative the exception that
these various places are not private residences occupied by a family.    It
occurs to us that the mere statement of this portion of the article nega-
tives the idea that the latter clause, "or at any other place except a pri-
vate residence occupied by a family," enters into the preceding clauses
of the statute.    For instance, if a party was charged with playing at
an outhouse where people resort, it would be necessary to negative the
fact that said outhouse was a residence occupied by a family.    A great
deal has been written in regard to the question of negativing in indict-
ments the exceptions contained in articles denouncing penal offenses.
"Text writers and courts of justice have sometimes said that, if the
exception is in the enacting clause, the party pleading must show that
the accused is not within the exception, but, where the exception is in a
subsequent section or statute, that the matter contained in the exception
is matter of defense, and must be shown by the accused.    Undoubtedly,
that rule will frequently hold good, and in many cases prove to be a
safe guide in pleading; but it is clear that it is not a universal criterion,
as the words of the statute defining the offense may be so entirely separ-
able from the exception that all the ingredients constituting the offense
may be accurately and clearly alleged without any reference to the ex-
ceptions.    Cases have also arisen, and others may readily be supposed,
where the exception, though in a subsequent clause or section, or even in
a subsequent statute, is nevertheless clothed in such language, and is so
incorporated as an amendment with the words antecedently employed
to define the offense, that it would be impossible to frame the actual
statutory charge in the form of an indictment with accuracy, and the
required certainty, without an allegation showing that the accused was
not within the exception, contained in the subsequent clause, section, or
statute.    Obviously, such an exception must be pleaded, as otherwise
the indictment would not present the actual statutory accusation, and
would also be defective for the want of clearness and certainty.    Sup-
port to these views is found in many cases where the precise point was
well considered.    Much consideration was given to the subject in the
case of Commonwealth v. Hart, 11 Cush., 130, where it is said that the
rule of pleading a statute which contains an exception is the same as
that applied in pleading a private instrument of contract; that if such
an instrument contains in it, first, a general clause, and afterwards a
separate and distinct clause, which has the effect of taking out of the

general clause something that otherwise would be included in it, a party relying upon the general clause in pleading may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but, if the exception itself is incorporated in the general clause, then the party relying on 'the general clause must' in pleading, state the general clause, together with the exception,' which appears to be correct; but the reasons assigned for the alternative branch of the rule are not quite satisfactory, as they appear to overlook the important fact in the supposed case that the exception itself is supposed to be incorporated in the general clause. Commentators and judges have sometimes been led into error by supposing that the words 'enacting clause,' as frequently employed, mean the section of the statute defining the offense, as contradistinguished from a subsequent section in the same statute, which is a misapprehension of the term, as the only real question in the case is whether the exception is to be incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offense. Such an offense must be accurately and clearly described, and, if the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it can not be omitted in the pleading, but, if it is not so incorporated with the clause defining the offense, then it is matter of defense, and must be shown by the other party, though it be in the same section, or even in the succeeding sentence." This quotation is from United States v. Cook, 17 Wall., 168, 21 L. Ed., 538, opinion delivered by Justice Clifford. From the same opinion we quote: "With rare exceptions, offenses consist of more than one ingredient, and in some cases of many, and the rule is universal that every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment, or the indictment will be bad, and may be quashed on motion, or the judgment may be arrested, or be reversed on error." Page 174, 17 Wall., and 21 L. Ed. 538. Archibold's Crim. Plead., 15 ed., 54; State v. Abbey, 29 Vt., 60, 67 Am. Dec., 754; 1 Bishop Crim. Proc., 3 ed., sec. 636, subsecs. 2 and 3. A prima facie case must always be stated under the law; and it is not so much the location of the exception as it is the effect upon the definition of the offense. State v. Abbey, 29 Vt., 60, 67 Am. Dec., 754; Mosely v. State, 18 Texas Crim. App., 311; Blasdell v. State, 5 Texas Crim. App., 263.

Referring to the first portion of article 379 of our Penal Code, as amended by the Acts of the Twenty-seventh Legislature, supra, we find that the offense of playing at any game of cards may be committed in which such game is played in a house for retailing spirituous liquors, storehouse, tavern, inn, or other public house, or it may be committed by such playing in any street, highway, or other public place, or it may be committed in any outhouse where people resort, or it may be committed at any place except a private residence occupied by a family. So a violation may be had under this portion of the article in any man-

ner or by any of the means indicated, and the language seems to be all sufficiently clear to show that the offense could be committed in either of the named subdivisions of this portion of the article without reference to either of the others. For instance, the playing of the game of cards at a house for retailing spirituous liquors is independent of the playing at a game of cards at an outhouse where people resort. So the playing at a house for retailing spirituous liquors is an independent offense, without any connection with the streets, highways or other public place; and it is not necessary under these circumstances to allege that either or all of these places are not private residences occupied by families. The latter clause, "or at any place except a private residence occupied by a family," is the last clause in this portion of this article, and does not enter into the definition of any of the previous clauses of this portion of said article. After prohibiting the game in the different places and under the circumstances mentioned, there is the general clause, covering all games at cards when played at any other place than those mentioned before, except at a private residence occupied by a family. In other words, that this latter clause with reference to playing at a private residence occupied by a family was intended to cover all places not previously prohibited. If appellant's contention is correct, then if a party is charged with playing cards at a house for retailing spirituous liquors, such as a saloon, the indictment would necessarily have to negative the fact that the saloon was not a private residence occupied by a family. It occurs to us that this clause with reference to private residences has no connection with the definition of that portion of the offense which prohibits the playing at houses for retailing spirituous liquors any more than it does to playing in a street, or highway, or at an outhouse where people resort. In other words, that portion of the statute which prohibits the playing at cards at any other place than a private residence occupied by a family constitutes an offense within itself, and does not enter into any of the preceding portions or clauses of this portion of the article.

If, as contended by appellant, there are but few hotels, if any, that do not form the residence of one or more private families, either of the proprietor of the hotel, or families who take board in such hotel, this being true, it would be necessary to plead the negation and negative the exception. It would necessarily follow that a violation of the law could not be had in any hotel where a private family resided, and the fact that one or more of the rooms of a hotel are occupied by a private family would necessarily defeat that portion of the statute which inhibits playing in such hotels. This would lead to absurdities, and defeat the plain provisions of the statute. If, in fact, these rooms of the hotel should be occupied by a family as a private residence, then there could be no violation of the law, under this statute, by card playing in any portion of the hotel. A private residence occupied by a family does not mean a hotel, does not mean a saloon, does not mean a public street or highway, nor an outhouse where people resort. There-

fore the clause with reference to private residences occupied by a family does not enter into the definition of the previous portions of the statute, wherein it defines and punishes card playing at the different places mentioned. It is an independent clause, set out in the definition, and is complete within itself, without reference to the other clauses, and the other clauses are complete within themselves without reference to a private residence occupied by a family. We are more thoroughly satisfied the original opinion is correct and appellant's contention is error. The motion for rehearing is overruled.

*Motion overruled.*