### ALBERT CLEMENTS V. THE STATE.

No. 21304.  Delivered December 4, 1940.

Rehearing Denied February 12, 1941.

110

The opinion states the case.

*J. A. Jost* and *E. P. Lipscomb,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of illegally practicing law in Bexar County and was assessed the minimum penalty of $100.00.

The record in the case is voluminous. The transcript of 191 pages contains thirty-nine bills of exception, while the statement of facts is within thirty-seven pages. It would be very difficult and we do not consider it necessary to discuss all of the bills of exception, many of which are mere repetition of other bills. Some do not conform to the rules and some are not approved by the court.

The evidence in the case, following the complaint, shows that the appellant Albert Clements was associated in some manner with E. P. Lipscomb, an attorney, whose offices are at 432 West Houston Street, San Antonio, Texas. A Mrs. Mahar testified that she had a difficulty with her husband in a public place in San Antonio and was directed to the appellant as a lawyer. She went to him and consulted with him as such and he advised with her, which resulted in her filing a suit for divorce, asking for alimony and a division of community property. He accompanied her to the court house, or to the office of her husband's attorney, and says further that she introduced him to her husband's attorney as her attorney. It is specifically alleged and shown that following a conference between appellant and her husband's attorney a letter was written which, including the letterhead, is as follows:

"Phone Belmont 30831                    Real Estate Loans

· "E. P. LIPSCOMB — PEARL A. MASON

"ALBERT CLEMENTS

"Law Offices - - - 432 W. Houston St.

"SAN ANTONIO, TEXAS

"August 1st., 1939

"Mr. Louis W. Schlesinger,
"Alamo Bank Bldg.,
"San Antonio, Texas

"NO. B-95498. Mahar vs. Mahar.

"Dear Sir,

"With reference to this case, we submit the following propositions for your consideration, to-wit:

"1. Custody of minor child, as per our conversation.

"2. Fifty ($50.00) Dollars per month, as alimony.

"3. Twenty-five ($25.00) Dollars per month for support of minor child, payable semi-monthly (or monthly) in advance.

"It is the opinion of plaintiff, that $25.00 per month will clothe and care for minor child, but not in an elaborate manner.

"Trusting that this will meet with the approval of yourself and client, and awaiting your reply,

"We are,
"Yours truly,
"(Signed), Lipscomb, Mason & Clements,
"By A. Clements."

It is testified by E. P. Lipscomb that Pearl A. Mason is the wife of Albert Clements; that she is an attroney, but that she works at the City Hall, while her name is on the stationery, as shown in the foregoing letter. He says further that the letter written by Mr. Schlesinger, attorney for Mrs. Mahar's husband, was addressed to the "firm."

We quote further from Mr. Lipscomb's testimony:

"As to what arrangement I had with Clements around August 1, 1939, I was to pay him a salary, but I didn't always have the money to pay him, I was to pay him $15.00 a week for helping me, do anything that had to be done. He has been connected with me over three years, approximately, I don't remember the date. As to his negotiating loans, just at the moment I don't think of any people that wanted to borrow money. As to how many

ranches Mr. Clements sold during that three year period, there haven't been over four or five ranches sold in this part of Texas during that time. He didn't sell a single one of those that have been sold."

Mr. Lipscomb was testifying in behalf of appellant and represented him in the trial of the case. The evidence of Mrs. Mahar is sufficient upon which the jury may find the appellant guilty, and the testimony of Mr. Lipscomb is not inconsistent.

Mr. Lipscomb apparently used appellant to do anything in the way of practicing law which he himself does, and takes the view that an attorney has a right to employ someone not an attorney to do all of these things. In his brief he urges the importance of the question to many lawyers in Texas on this particular ground, saying that if appellant's conviction should be affirmed, that lawyers could not hire people to do their work. We think it is unimportant as to how anyone illegally practicing law receives his pay. If he is employed on a salary and engages in the practice of law as that is defined under Act. 430a, Vernon's Annotated Penal Code, he would be violating the law as definitely as if he charged and received fees directly from clients. A license issued to an individual to practice law authorizes only that individual to do so.

Appellant is very insistent that he was injured by an unkind remark made by the prosecuting attorney of and concerning appellant's attorney, in which he called him, "a two-bit shyster." This complaint is presented by appellant's bill of exception No. 33. We cannot consider it, however, for the reason that this bill is not approved by the trial judge. The court says the matters and things therein stated are not true and correct. The court further says that he had the reporter to prepare testimony on the subject in "Q & A" form. This was attached to the bill, as we understand it, not as a qualification of the bill because it is not approved by the judge in that manner. It is simply surplusage, having no particular purpose which we are able to discover. However, if we do give consideration to it, it discloses that the statement made was the culmination of a tilt between the attorneys and appears to have been provoked by the things which the defendant's attorney himself said to the prosecutor. The court instructed the jury not to consider it and it is evident from the verdict which they returned that they were not prejudiced by it.

Further complaint is made in the appellant's bill of exception No. 37 that there is a variance between the information

and the evidence, in that it is not shown that the letter was written and mailed in Bexar County, Texas, and no evidence to fix venue in Bexar County, Texas. We think this is answered by the evidence of Mr. Lipscomb himself, who testified that his office is at 432 West Houston Street, San Antonio, Texas. This is the county seat of Bexar County, a fact of which the court may take judicial knowledge. Mrs. Mahar testified as to the transactions taking place in that same office and in the court house, naming the district court sitting there. The letter itself carries the date line, "San Antonio, Texas, August 1, 1939," and it is addressed to, "Mr. Louis W. Schlesinger, Alamo Bank Bldg., San Antonio, Texas." This evidence sufficiently proves the facts alleged.

We find it unnecessary, for the reasons stated, to consider further the bills of exception, but each one has been examined by us and we do not believe that they present questions warranting a reversal of the case. The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant re-asserts that the complaint and information is fatally defective, and complains because this point was not disposed of in our original opinion.

Omitting formal parts, the State's pleadings charge that appellant did:—

"* * * unlawfully practice law in that he did then and there in a representative capacity perform an act in connection with proceedings pending and prospective before a court, to-wit: the 37th Judicial District Court of Bexar County, Texas, in that he did then and there write a letter in behalf of Mrs. Ethel Mahar concerning Theodore N. Mahar, submitting a proposition for temporary alimony in a divorce suit pending and prospective in said court, between Mrs. Ethel Mahar, as plaintiff and Theodore N. Mahar, as defendant, the said Albert Clements being a natural person who was not a member of the bar regularly admitted and licensed to practice law; * * *"

The prosecution was under the provisions of the Acts of the 43rd Legislature, p. 935, Ch. 238, and appears in Vol. 1, Vernon's Texas P. C. as Art. 430 a. Section 1 of the Act makes it unlawful for anyone to practice law except persons who are

members of the bar regularly admitted and licensed to practice law. Section 2, in subdivisions a, b, c, d and e specifies certain acts which are declared to be practicing law. It is not necessary here to state what they are, suffice is to say the averments in the State's pleading bring appellant within the act of practicing law. Immediately following the declaration of the acts and things which constitute practicing law and as a part of the same section two it is said: "Nothing in this section shall be construed to prohibit" (1) any person from attending to his own business, (2) nor from preparing abstracts, certifying or insuring titles to property, (3) nor prohibiting banks or trust companies from representing their customers in adjusting items mentioned in subdivision (e) heretofore referred to, (4) nor as prohibiting one from pursuing the business of adjusting insurance or freight rate claims, (5) nor as prohibiting a collecting agency subject to an occupation tax from settling controverted claims growing out of contractual relations, (6) nor as prohibiting real estate agents from collecting rents for their employers (7) nor as prohibiting notary publics from drawing conveyances.

It is appellant's contention that the exemptions mentioned are exceptions to the law under which he is prosecuted, and are so written into the statute that it is necessary for the State in its pleading to negative said exceptions before one may be properly charged with illegally practicing law, and that the failure to so negative them renders the complaint and information against appellant fatally defective.

Probably no other subject has been productive of more writing and confusing expressions than the one dealing with the necessity or otherwise of negativing exceptions in indictments and informations. Notwithstanding this, our court has announced some very clear principles which have been epitomized by Mr. Branch in his valuable Ann. Texas P. C. in Sec. 510, page 263. The application of these principles will frequently solve the problem simply and understandingly. We quote from Branch Ann. Tex. P. C., Sec., 510.

"When that portion of the statute alleged is so inconsistent with the exception as to substantially negative it, it is not necessary to negative the exception in terms. State v. Clayton, 43 Texas, 410; Summerlin v. State, 3 Texas Crim. App. 444; Hodges v. State, 44 Texas Crim. Rep., 444; 72 S. W. 179; Wilkerson v. State, 44 Texas Crim. Rep., 455; 72 S. W. 850."

The observations of Judge Davidson in the opinion in Wilk-

erson's case (supra) are quite pertinent to the present contention. We refrain from quoting, but emphasize the case mentioned.

Referring now to the charge against appellant, in order to make applicable the principle quoted, it is clear beyond controversy from the averments in the complaint and information that appellant was the representative of Mrs. Mahar, and acting for her and in her behalf in the matter of seeking temporary alimony in a divorce proceeding. It is equally clear from the averments that in doing what he did he was (1) *not* attending to his own business; (2) he was *not* preparing abstracts; (3) he was *not* a bank or trust company, (4) he was *not* adjusting insurance or freight rate claims, (5) he was *not* a collecting agency paying occupation tax as such, (6) he was *not* a real estate agent collecting rents for his employer, (7) he was *not* a notary public. If the things which appellant is alleged to have done in violation of the statute were so inconsistent with the exceptions mentioned as to substantially negative them it was not necessary to negative them in express terms.

Such we think to be the case in the present instance, and therefore appellant's contention must fail.

The motion for rehearing is overruled.