# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

### FALL TERM....1846.

Commonwealth *vs* Young.　　　　INDICTMENT.

ERROR TO THE CHRISTIAN CIRCUIT.　　　*Case* 1.

*Indictment. Exceptions. Importing slaves.*

CHIEF JUSTICE EWING delivered the opinion of the Court.　　*September* 12.

THIS is an indictment against Young for importing, to this State, six slaves, contrary to the provisions of the Statute of 1833, (2 *Stat. Laws*, 1482.) The defendant appeared and demurred to the indictment, which was sustained, and the Commonwealth has appealed to this ·Court. *(margin: Case stated and decision of the Circuit Court.)*

We would be at a loss to find upon what ground the demurrer was sustained, but for the suggestions of the counsel of Young. The indictment seems to us substantially good, in form and in substance. It commences "The Commonwealth of Kentucky, Christian county, Sct." and recites that the jurors, &c., "in the name and by the *authority of the said Commonwealth,* present that Henry Young, late, &c., did then and there *import* into the *county aforesaid,* and into this State, to-wit, into the *county and circuit aforesaid, in the Commonwealth, six slaves,*" setting forth their names, and then proceeds to negative the idea that he was an emigrant to this State, or occupied the condition of any of those persons who,

COMMONWEALTH
*vs*
YOUNG.

by the proviso and preceding clauses of the statute, were exempt from the penalties denounced in the first clause, and concludes, "so the jurors upon their oaths aforesaid, do say that the said Henry Young, on the day and year aforesaid, at the circuit aforesaid, did then and there import the said slaves into this State, and *into the county of Christian*, to-wit, *into the county aforesaid*, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Commonwealth."

The objection made to the indictment here is, that in setting forth the exceptions or exemptions from the operation of the statute, embraced in the proviso and subsequent clauses, *this State* is used without stating the *State aforesaid* or the *State of Kentucky*, as that he said Henry Young not being an emigrant to *this State*, &c. And that in stating the exception in favor of persons deriving title by will, descent, &c., the word "*distribution*" is omitted. And that the indictment concludes against the peace and dignity of *the Commonwealth*, without stating the Commonwealth *of Kentucky*.

In an indictment for importing slaves contrary to the provisions of the statute of 1833, it is not necessary to state in the indictment, that the defendant does not come within the exceptions or to negative the provisos contained in the statute. These are matters of defence which come more appropriately from the defendant, and need not be anticipated in the indictment.

So much of the indictment as charges the gist of the offence, is set forth with certainty and precision, so that the accused cannot doubt or be mistaken as to the character or nature of the offence, with which he is charged, nor could he, by reason of any uncertainty in the specification of the offence, be exposed to a second prosecution for the same offence. The recitals which are objected to for uncertainty, are recitals in that portion of the indictment which attempts to negative the exceptions contained in the proviso and subsequent clauses of the statute. It was not necessary to state in the indictment, that the defendant did not come within the exceptions, or to negative the provisos contained in the statute. For all these are matters of defence, which more appropriately come from the accused, and need not be anticipated in the prosecution: (1 *Chitty's Criminal Law*, 233, *side page*, 284.) But if it were necessary to state and negative the exceptions contained in the provisos, it seems to us that the statement has been made with sufficient certainty and precision, especially in a matter colloral to the

gist of the offence. The word *distribution* is not omitted as supposed by the counsel.

We also think that the conclusion against the peace and dignity of *the* Commonwealth, without adding *aforesaid*, or the Commonwealth of Kentucky, is sufficient. All that the constitution requires, is that the prosecution shall be carried on in the name and by the authority of the Commonwealth of Kentucky, and to conclude against her peace and dignity. The indictment commences with the Commonwealth of Kentucky, proceeds in the caption in the name and by the authority of the Commonwealth of Kentucky, and concludes against the peace and dignity of the Commonwealth. After these repetitions of the Commonwealth of Kentucky, in the prior proceedings, the use of the definite article *the* before the word Commonwealth, if scanned with technical and even gramatical strictness, indicates and points with certainty to the Commonwealth intended. To require more certainty, would be to embarrass prosecutions in the web of technical and unmeaning forms, no way essential to the ends of justice or the security of the accused, in a fair and impartial trial upon the merits.

The judgment of the Circuit Court is reversed, and cause remanded, that the demurrer may be overruled and further proceedings had.

*Cates, Attorney General,* for Commonwealth; *B. &. A. Monroe* for defendant.

*SUTTON, &c.*
*vs*
*FLOYD.*

An indictment commencing with the name of the Commonwealth of Ky. and professing to proceed *by the authority of the Commonwealth of Ky.*' and concluding *against the peace and dignity of the Commonwealth, without adding of Ky. or aforesaid, is good.*