GRIGSBY METZKER, Plaintiff in Error, *v.* The PEOPLE, Defendants in Error.

ERROR TO MENARD.

Under the statute of 1851, prohibiting the sale of liquor, if a person is convicted for a violation of its provisions, the court can order that the defendant stand committed until the fine and costs be paid.

If there be any exception of the same clause of an act which creates an offence, an indictment should show affirmatively that the defendant does not come within the exception ; but if the exception or proviso be in a subsequent clause or statute, or is not connected with the enacting clause by words of reference, it becomes matter of defence, and need not be negatived in the pleading.

THE plaintiff in error was convicted upon indictment found in the Menard Circuit Court, at November term, 1852, before WOODSON, Judge, and a jury, for selling liquor in violation of the act of 1851, and fined $25 and costs. The court ordered that Metzker should stand committed until the fine and costs adjudged against him should be paid. The law directs that " the fines herein provided for, may be recovered either by indictment in any circuit court having jurisdiction of such offence, or by an action of debt in the name of the People of the State of Illinois, before any justice of the peace of the proper county."

The section of the criminal code under which the order of committal was made, is stated in the opinion.

T. L. HARRIS and R. S. BLACKWELL, for Metzker.

W. H. HERNDON, for the people.

CATON, J. Previous to the act of the first of February, 1851, licenses for the sale of ardent spirits in less quantities than a quart were authorized to be granted to continue for one year.

9 *

The law of 1851, forbade the sale of liquor in less quantities than a quart, subjecting the offender to punishment by indictment, and repealing the former laws which authorized licenses to be granted. Section 4 of the last law excepts from the prohibition, the sale of spirituous liquors by physicians and druggists in good faith for medicinal, mechanical, or sacramental purposes. This indictment was presented against the plaintiff in error, within one year from the time the law took effect, for selling liquor in violation of its provisions. It is objected to the indictment, that it does not aver that the defendant below had not an unexpired license under the old law, nor does it show that the liquor was not sold by the defendant as a physician or druggist for some of the purposes permitted by the statute. The same principle of law answers both branches of the objection. The rule was thus laid down by the court in the case of Lequot *v.* The People, 11 Illinois, 340. The rule is, " If there be any exception in the same clause of the act which creates the offence, the indictment must show affirmatively that the defendant does not come within the exception; but if the exception or proviso be in a subsequent clause or statute, or, if in the same section, and not incorporated with the enacting clause by any words of reference, it is in that case matter of defence, and need not be negatived in the pleading." In the statute under which this indictment was found, the offence is created, and the punishment prescribed in the first and second sections, and the exceptions relied upon are contained in subsequent and independent sections. The first is found in the fourth section, which provides that -the act shall not extend to druggists or physicians who in good faith sell or give away the prohibited liquors for purely medical, mechanical, or sacramental purposes; and the second is found in the sixth section, which, in express terms, repeals the former law, authorizing licenses to be granted, but provides that the act shall not affect the rights of those who had unexpired licenses. If, therefore, the defendant sold the liquor as a physician or druggist, and under circumstances authorized by the fourth section; or if he sold it under an unexpired license, as he was authorized to do under the sixth section, in either case, it was matter of defence, and it was unnecessary for the indictment to negative such right. We are clearly of opinion that the indictment was sufficient.

So much of the judgment as directs the defendant to stand committed till the fine and costs are paid, is objected to. The 173d section of the criminal code expressly provides, that the court shall have power in all cases of conviction under that

chapter, when any fine is imposed, " to order as part of the judgment of the court, that the offender shall be committed to jail, there to remain until the fine and costs are fully paid, or otherwise legally discharged." The same chapter contained a provision imposing a fine for selling spirituous liquors without a legal license to keep a grocery ; and there could be no question of the right of the court to order a person convicted under that act, to stand convicted till the fine and costs were paid or discharged. The act of 1851, changes, in some respects, the law in reference to selling spirituous liquors; but such change , cannot affect the power of the court in its mode of proceeding, or in the form of the judgment which is to be entered. Whenever the legislature think proper to change or modify the criminal code in reference to a previously existing offence, the trial, under the modified statute, unless it otherwise provide, is to be proceeded with, and the judgment must have the same effect as if it had previously been part of the criminal code.

The judgment must be affirmed.

*Judgment affirmed.*