## STATE *v.* RAILROAD COMPANY.

Decided May 30, 1891.

1. *Indictment—Exception in statute.*

It is unnecessary in an indictment for a statutory offense to negative an exception contained in a subsequent section of the statute.

2. *Railway—Failure to signal at crossing—Negative pregnant.*

An indictment is defective which alleges a neglect on the part of a railway company "to ring the bell and sound the whistle" at the crossing of a public road, as required by section 5478 of Mansfield's Digest; the indictment should have alleged a neglect to perform either act, and not a neglect to perform both acts.

3. *Query.*

Does the statutory remedy by suit (Mansf. Dig., sec. 5482) exclude the recovery of this penalty by indictment?

APPEAL from *Sharp* Circuit Court.

JAMES W. BUTLER, Judge.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman* for appellant.

Section 5478, Mansfield's Digest, is taken from section 34, act July 23, 1868, section 38 of which provides the manner of enforcing the penalty. The remedy provided is cumulative and not exclusive. 12 Conn., 526; 19 Tex., 158; Arch. Cr. Pl. & Pr., 1, 2; 1 Russ., Cr. (3 Eng. ed.), 50; Bish. Wr. Laws, sec. 251; 1 Whar. Cr. L., sec. 26, note 2; Endl. Int. St., sec. 467; 4 T. R., 202; 15 L. J. N. S. Q. B., 227; 12 Conn., 526; 19 Tex., 158; 43 Fed. Rep., 374; Cr. Code, sec. 6; Bish. Wr. Laws, sec. 253. The words "may be sued for" do not limit the action to a civil suit. See definition of "to sue," Webster. Bouvier, vol. 2, p. 558; 2 Pet., 449; 3 Bac. Abr., pp. 542, 554; 11 Fed. Rep., 248.

2. But one offense is charged.

3. There is no exception to section 5478. But if there was, it was not necessary to negative it in the indictment, as the exception is not incorporated in the definition of the offense. Wh. Cr. Pl. & Pr., sec. 238; 1 Bish. Cr. Pr., sec. 632; 25 Pac. Rep., 71.

*Wallace Pratt* and *Olden & Orr* (of Missouri) for appellee.

1. The mode of procedure prescribed by section 5482 is exclusive. Sec. 2129, ch. 42, Mansf. Dig. The converse is true. 29 Ark., 173; 15 Oh. St., 114; 13 Barb., 209; 3 Comst., 9; 28 Penn. St., 9; 35 *id.*, 263; 44 *id.*, 332; 1 Hill (S. C.), 53; Sedgw. on St. & Const. Law, 94; 8 Otto (U. S.), 555; 91 U. S., 29; 39 Mich., 141; 67 Barb., 350. *Expressio unius est exclusio alterius.* 2 Bish. St. Cr., sec. 249; 1 Mich., 193; 2 Dev. & Bat., 31; 13 Barb., 209; 2 Ind., 588; 4 Mo., 609; 1 Ld. Raym., 672; 3 Comst., 9; 2 Keyes, 245; 3 N. Y., 9; 73 Ala., 390; Sedgw. St. & Const. Law, 343; Suth., St. & Const., sec. 699; Bish. St. Cr., sec. 250; Wh. Cr. Law, sec. 25.

2. The indictment is bad for uncertainty. The duty is *in the alternative,* and doing *either* is a compliance with the law. The indictment charges a failure merely to do *both.* Bish. Cr. Pro. (2 ed.), sec. 591; 15 Mo., 515; 4 Parker, C. C., 26; 2 N. H., 550; Cheves, 77; Bish. St. Cr., sec. 1043; 53 Ark., 334.

MANSFIELD, J. The grand jury of Sharp county indicted the Kansas City, Springfield and Memphis Railroad Company for a neglect to comply with the provisions of section 34 of the act entitled "an act to provide for a general system of railroad incorporation," approved July 23, 1868; Mansf. Dig., secs. 5472–5487. The section referred to is as follows: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to the county; and the corporation shall also be liable for all damages which shall be sustained by any person by reason of such

neglect." Mansf. Dig., sec. 5478. Section 35 of the same act makes it the duty of railroad corporations to place warning boards wherever their roads cross public highways and streets, but provides that the section shall not apply to streets in cities and villages unless the corporation be required to put up such boards by the officer having charge of such streets.

The indictment charges that the defendant "did unlawfully fail and neglect to ring the bell and sound the whistle on a certain engine and locomotive within eighty rods of the crossing of the railroad track of said railroad company and the Ash Flat and Ravenden Junction public road, then and there situate in road district No. 4, there situate, and unlawfully failed to keep said bell ringing and whistle sounding until said engine and locomotive then and there crossed said public road; the said engine and locomotive then and there being run by said railroad company on the track of said railroad company, against the peace," etc.

The defendant demurred to the indictment on the following grounds: (1.) That it does not state facts constituting a public offense. (2.) That it charges more than one offense; and (3.) That it fails to negative the exception contained in section 35 of the act creating the offense. The demurrer was sustained, and the State appealed.

The indictment does not attempt to state any matters which, however well pleaded, could constitute more than one offense; and we perceive no ground on which the second objection of the demurrer can be sustained.

1. Indictment need not negative exception when.

The third objection is equally untenable. The exception contained in section 35 of the act of 1868 (Mansf. Dig., sec. 5479) applies only to the duty imposed upon railroad corporations by that section. But if the exception were applicable to the requirements of section 34, it is embraced in a section of the act subsequent to that creating the offense charged, and it would not therefore have been necessary that the indictment should state that the defend-

ant did not come within the exception. *Brittin* v. *State*, 10 Ark., 299; 1 Bishop, Cr. Pro., 632.

But the first objection stated in the demurrer questions the sufficiency of the indictment on more substantial grounds. The code of criminal practice has relieved prosecuting officers of the necessity they were frequently under at common law of observing in the language of indictments a precision that was purely technical and formal. But the code has not dispensed with such certainty of allegation as is necessary to show on the face of an indictment, not only that a public offense is charged to have been committed, but what the particular act or omission was which it is assumed constituted the alleged offense. As was said by the court in *Taylor* v. *Commonwealth*, 1 Duv., 160, the facts constituting the offense must be stated; and it is not sufficient that they may be inferred from other facts found in the indictment. 1 Bishop, Cr. Pro., secs. 325, 326, 507, 509, 513, 514, 517, 519; *Thompson* v. *State*, 26 Ark., 323; *Edwards* v. *State*, 27 *id.*, 493; *Johnson* v. *State*, 36 *id.*, 242; *State* v. *Keith*, 37 *id.*, 96; *Younger* v. *State, ib.*, 116; Mansf. Dig., 2105–2106, 2121.

*2. Negative pregnant.*

The offense charged here is the failure to perform a duty which under the law may be discharged by doing either of two specific acts. The non-performance of either of the acts is therefore an affirmative element of the offense, and without its averment the indictment is not valid. The railway company satisfies the law by using either a bell or a whistle at the places and in the manner required. To aver then that the company neglected " to ring the bell " would not state a violation of the statute, since it may have been obeyed by sounding the whistle. But an averment that the company " neglected to ring the bell or to sound the whistle " would sufficiently state a neglect to perform the statutory duty by either method. And so an allegation that the defendant " neglected to sound the whistle and also neglected to ring the bell " would be equivalent to saying that neither

act was done.   But the averment in the indictment is that the defendant " did unlawfully fail and neglect to ring the bell and sound the whistle," and that it " unlawfully failed to keep said bell ringing and whistle sounding," etc.   Now the ringing of the bell and the sounding of the whistle are not here referred to as separate and distinct acts ; but in each clause of the indictment they are stated as if they constituted one continuous act which in its entirety was necessary to complete the duty required by the statute.   The import of the language thus employed is to impute to the defendant a non-feasance arising, not from a failure to do either of the acts, but from a neglect to perform both of them at the same time.   And to say, in the form of expression used by the pleader, that the defendant failed to perform the *two* acts does not exclude the idea that he may have performed one of them.   The indictment is therefore bad for uncertainty, and the demurrer was properly sustained.

3. Does the statutory remedy by suit exclude a recovery by indictment?   Section 38 of the act on which this prosecution is founded provides that all penalties imposed by the act may be sued for by the prosecuting attorney, and in the name of the people of the State of Arkansas, in any court of this State having competent jurisdiction.   Mansf. Dig., sec. 5482.   And it has been argued by appellee's counsel that the statutory method of enforcing the penalty is exclusive, and that a proceeding by indictment is unwarranted.   This is a question as to which the authorities are conflicting ; and, as a ruling upon it is not necessary to a decision of this cause, we have thought it not improper to reserve an opinion on the point until it is presented by an indictment not otherwise defective.

Judgment affirmed.