SPLINTER, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 9—October 26, 1909.*

*Criminal law: Pleading: Negativing exceptions: Statutes: Sale of adulterated milk.*

1. Where an exception is stated in a separate section of the statute and constitutes no essential part of the definition or, description of an offense, it need not be negatived by the prosecution, but is a matter of defense.

2. Thus, in a prosecution under sec. 4607, Stats. (Supp. 1906; Laws of 1905, ch. 138), for having in possession adulterated milk with intent to sell it, the state need not allege or prove that it was not to be sold as and for "skimmed milk," within the exception stated in sec. 4607*a*.

3. Having in possession seventeen cans of milk with intent to sell the same, in six of which cans the milk contained less than the prescribed percentage of milk fat, was a violation of the statute, although the average of the entire lot was above the legal standard.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was arrested on a complaint charging that on October 30, 1907, in the county of Milwaukee and state of Wisconsin, *Frank L. Splinter* did then and there unlawfully have in his possession, with intent then and there to unlawfully sell, adulterated milk, which said milk contained less than three per centum of milk fat, contrary to the statute, etc. The defendant was a milk dealer and was selling considerable quantities of milk to the George Ziegler Company under contract. Of the seventeen cans delivered on October 30th, six contained less than three per centum of milk fat. Under the contract the defendant was required to furnish milk that would show an average test of three and three-tenths per centum of milk fat.

The defendant, at the close of the evidence offered by the ·

state, moved that he be discharged for lack of evidence to show that a crime had been committed. The motion was denied and defendant excepted to the ruling of the court. The defendant was found guilty, and thereafter he made a general motion in arrest of judgment, in which no specific grounds for arresting the judgment were set forth. The motion was denied and exception was taken to such ruling. From the judgment of conviction defendant prosecutes this writ of error.

The following errors are assigned: (1) Refusal to discharge because no offense was stated in the complaint; (2) failure to discharge for want of evidence showing guilt on the part of the defendant; (3) because the verdict is contrary to the evidence and contrary to law.

For the plaintiff in error there was a brief by *Schwefel & Knoell,* and oral argument by *Adolph Schwefel.*

For the defendant in error there was a brief by *August C. Backus,* district attorney, and *Norman L. Baker,* assistant district attorney, and the *Attorney General,* of counsel, and oral argument by *Mr. Baker.*

BARNES, J. Sec. 4607, Stats. (Supp. 1906; Laws of 1905, ch. 138), makes it a misdemeanor for any person to sell, offer to sell, or have in his possession for the purpose of sale, any adulterated milk. Sec. 4607a provides that in all prosecutions under the preceding section the term "adulterated milk" shall mean milk containing less than three per centum of milk fat. The section further provides that nothing in the act shall be construed as prohibiting the sale of milk commonly known as "skimmed milk," when the same is sold as and for "skimmed milk."

The defendant contends that the complaint is faulty because it does not allege that the milk in question was not kept and offered for sale as skimmed milk, and that the proof submitted by the state was insufficient to sustain a conviction because it failed to establish the same fact. The sufficiency

of the complaint is not raised by any exception. The suffi-ciency of the evidence is raised by an exception to the refusal of the court to discharge the defendant after the state had rested its case. The proviso in regard to the sale of skimmed milk is not found in sec. 4607, which makes it an offense to sell adulterated milk, but is found in the following section. The rule is quite general that where an exception is in a separate section of the statute, or in a proviso which is distinct from the enacting clause, it is a matter of defense which the prosecution need not anticipate or notice. *Metzker v. People,* 14 Ill. 101; *Sokel v. People,* 212 Ill. 238, 72 N. E. 382; *Alexander v. State,* 48 Ind. 394; *Russell v. State,* 50 Ind. 174; *Stale v. Williams,* 20 Iowa, 98; *State v. Van Vliet,* 92 Iowa, 476, 61 N. W. 241; *State v. Gurney,* 37 Me. 149; *State v. Boyington,* 56 Me. 512; *Comm. v. Hart,* 11 Cush. 130; *People v. Phippin,* 70 Mich. 6, 37 N. W. 888; *Kline v. State,* 44 Miss. 317; *State v. McGlynn,* 34 N. H. 422; *State v. Cassady,* 52 N. H. 500; *Mayer v. State,* 63 N. J. Law, 35, 42 Atl. 772; *State v. Price,* 71 N. J. Law, 249, 58 Atl. 1015; *Comm. v. Shelly,* 2 Kulp (Pa.) 300; *Villines v. State,* 96 Tenn. 141, 33 S. W. 922; *Bell v. State,* 104 Ala. 79, 15 South. 557; *State v. Railroad Co.* 54 Ark. 546, 16 S. W. 567; *State v. Thompson,* 2 Kan. 432; *Comm. v. Benge,* 13 Ky. Law Rep. 591; *Barber v. State,* 50 Md. 161; *State v. Cox,* 32 Mo. 566; *State v. Harris,* 119 N. C. 811, 26 S. E. 148.

Such rule was adopted in this state in *Byrne v. State,* 12 Wis. 519. The modification of this rule adopted by some courts is that it is necessary to negative an exception or proviso not contained in the enacting clause of a statute where it constitutes an element of the description of the offense. *U. S. v. Cook,* 17 Wall. 168, 173, and cases cited in 22 Cyc. 346. There is no difficulty about stating an offense under sec. 4607, Stats. (Supp. 1906; Laws of 1905, ch. 138), without negativing the proviso contained in sec. 4607a. Under a statute prohibiting the sale of liquors to Alaska Indians except

"for medicinal, mechanical, or scientific purposes," it was held not necessary to negative the exceptions, because they constituted no essential part of the definition of the offense. *Shelp v. U. S.* 81 Fed. 694, 26 C. C. A. 570. The following cases also hold that it is unnecessary to negative such a proviso as the one under consideration: *State v. Kendig,* 133 Iowa, 164, 110 N. W. 463; *State v. Weller,* 171 Ind. 53,. 85 N. E. 761; *Hale v. State,* 58 Ohio St. 676, 51 N. E. 154; *State v. Heffernan,* 28 R. I. 477, 68 Atl. 364; *Mayer v. State,* 64 N. J. Law, 323, 45 Atl. 624.

Otherwise we deem the proof sufficient to sustain a conviction. Six of the seventeen cans examined were below the legal standard. Taking the average test of the entire lot it was a trifle above such standard. But the statute makes it an offense for any person to have in his possession with intent to sell or offer for sale *"any* adulterated milk." Manifestly, six separate cans containing forty-eight gallons of milk fell within the condemnation of the statute, unless they contained skimmed milk which was kept for sale and sold as such. Instead of showing that the milk in question was kept for sale and sold as skimmed milk, the evidence of the defendant showed quite conclusively that it was not.

*By the Court.*—Judgment affirmed.