### The People of the State of Illinois, Defendant in Error, v. Joe Evoldi, Plaintiff in Error.

1. INFORMATIONS—*when in prosecution for unlawful sale of intoxicating liquor, sufficient.* An indictment which does not charge that the alleged sale was unlawful and which does not contain the negative averment that the defendant did not have a license or permit to sell as a druggist, *held,* sufficient.

2. DRAM-SHOP ACT—*when imposition of sentence erroneous.* If a conviction is had for the unlawful sale of intoxicating liquor under several counts of an information, it is error to impose sentence generally; sentence should be imposed on each count by which the defendant is found guilty.

Proceeding by information. Error to the Circuit Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed February 11, 1910.

W. F. SPILLER, for plaintiff in error.

G. A. HICKMAN, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

The state's attorney of Franklin county filed an information charging plaintiff in error in eleven counts with selling intoxicating liquors in anti-saloon territory. A motion was made to quash the information which was overruled and a plea of not guilty was entered. Upon a trial by jury plaintiff in error was found guilty as charged in the first and second counts of the information. A motion for a new trial being made and overruled, the court sentenced plaintiff in error to pay a fine of $200 and be imprisoned in the county jail sixty days and to further remain therein until the fine and costs were paid or secured as provided by law. Plaintiff in error entered his motion for a new trial and in arrest of judgment, which being overruled he prosecuted this writ of error.

The first alleged error urged in the brief of plaintiff in error is that the court overruled his motion to quash the information. Neither count of the information charges the alleged sale was unlawful nor does either count contain the negative averment that he did not have a license or permit to sell as a druggist, and it is argued that a count should contain the allegation that the sale was either unlawful or contain the negative averment. We think the counts are sufficient without alleging the sale of liquor to be unlawful.

Each count charges plaintiff in error sold intoxicating liquor in the town of Benton, county of Franklin, being anti-saloon territory contrary to the statute, etc.

Section 11 of the act of 1907, entitled Dram-Shops provides: "It shall not be lawful to sell intoxicating liquors in any quantity whatever nor to grant or issue or cause to be granted or issued any license to sell intoxicating liquor in any quantity whatever within

the limits of any political subdivision or district whatever in this state while the same is anti-saloon territory and if any such license be granted or issued in violation hereof the same shall be void.''

Section 12 provides penalties for selling in anti-saloon territory.

Section 18 provides for the sale by druggists to whom license or permits have been issued of liquor for medicinal, mechanical, sacramental and chemical purposes not to be drunk on the premises.

It is insisted that the exception to druggists in section 18 requires the negative averment in the information that plaintiff in error did not have a permit to sell as a druggist notwithstanding the exception is contained in a separate section, for the reason section 18 covers the entire act entitled Dram-Shops.

It is a rule of pleading that ''if there be any exception in the same clause of an act which creates an offense, an indictment should show affirmatively that the defendant does not come within the exception, but if the proviso or exception be in a subsequent clause or statute or is not connected with the enacting clause by words of reference it becomes matter of defense and need not be negatived in the pleading.''  Metzker v. The People, 14 Ill. 101.

Section 18, *supra,* does not come within the rule requiring the exception to be negatived in the pleading.

The only other assigned error argued is that the court should not have sentenced the plaintiff in error to imprisonment for the term of sixty days generally and should not have imposed a fine generally of $200.

In imposing the sentence there was error.  It should have been imposed on each first and second count upon which plaintiff in error was found guilty.  The amount of the fine on each of said counts should have been fixed and sentence pronounced accordingly, and the term of imprisonment on each of said counts should have been fixed and if it was desired to cumulate the

imprisonment, the sentence should have provided the length of imprisonment on the first count and on the second count and provided the term of imprisonment under the second count should begin at the expiration of the term under the first count.

The cause is reversed and remanded with directions to the County Court to enter up a judgment on the verdict, no judgment appearing in the record, and if sentence is imposed to impose it in accordance with the views herein expressed.

*Reversed and remanded with directions.*