The People of the State of Illinois, Defendant in Error, v. Nick Doschio, Plaintiff in Error.

1. DRAM-SHOPS—*when indictment sufficient.*  An indictment charging the selling of intoxicating liquor in anti-saloon territory is sufficient notwithstanding it does not negative the exceptions referred to in the statute.

2. DRAM-SHOPS—*what competent to establish territory as anti-saloon.* The town record showing the particular territory is anti-saloon, is competent to establish such fact.

3. APPEALS AND ERRORS—*when remarks of trial court not subject to review.*  Remarks complained of are not subject to review in the absence of exception having been preserved thereto.

Prosecution for unlawful sale of intoxicating liquor.  Error to the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding.  Heard in this court 'at the March term, 1910.  Affirmed. Opinion filed August 5, 1910.

MONEYHAM & SEEBER and THOMAS J. LAYMAN, for plaintiff in error.

G. A. HICKMAN, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

At the November term of the circuit court of Franklin county, an indictment of two counts was returned by the grand jury against Nick Doschio, plaintiff in error, charging him with selling intoxicating liquor in anti-saloon territory in said county, contrary to the form of the statute in such case made and provided.   The court overruled a motion to

quash the indictment and upon the trial the jury returned a verdict of guilty under the first count of the indictment. Motions for a new trial and in arrest of judgment having been overruled, the court sentenced Doschio to thirty days in the county jail, and to pay a fine of $100 and the costs of suit.

Plaintiff in error contends that the indictment should have been quashed for the reason that it failed to negative that portion of the dram-shop act of 1907, which provides, "Nothing in this act shall be construed to forbid or prevent the sale within anti-saloon territory by druggists to whom permits or licenses therefor have been duly granted in the manner provided by law, of liquor for medicinal, mechanical, sacramental and chemical purposes only" etc. Rev. Stat. (Hurd 1908) chap. 43 par. 42.

We are of opinion it was not necessary for the indictment to negative the exception in the law above referred to and have hitherto so held where the same question was raised under a similar indictment. People v. Evoldi, 152 Ill. App. 658.

Plaintiff in error further asserts as reasons why the judgment should be reversed, that the court made remarks upon the trial prejudicial to his case, that improper evidence was admitted, that certain instructions given for the people were erroneous and the evidence did not sustain the verdict.

Winstead, the principal witness for the people, when asked by one of the attorneys for the defendant, "Who else did you see drinking in there besides," another person named, started to answer but was interrupted by the court with the remark, "Tell him right, don't make any difference who they are if you have seen the mayor and city council drink in there tell it right out" and the witness thereupon answered, "I have seen some of the city council drink in there." The remark of the court cannot be commended or approved but even if it could be considered materially prejudicial under all the circumstances of this case, plaintiff in error cannot avail himself of it here for the reason that no objection was made to the remark at the time.

The criticism in regard to the evidence, is that the court improperly admitted the record of the town clerk tending to show that the place where the liquor was said to have been sold, was in anti-saloon territory, on the ground that it was not such a record as required by the statute. It is provided by the statute referred to (Rev. Stat. Hurd 1908, chap. 43, par. 31) that "the clerk shall record in a well bound book to be kept in his office by himself and his successors, the result of the vote upon said proposition and such result may be proved in all courts and in all proceedings by such record or by the official certificate of the clerk and in cases where such a record or certificate shows that a majority of the legal voters voting upon said proposition voted 'yes' the same shall be *prima facie* evidence that the political subdivision to which such vote was applicable has become anti-saloon territory." The record referred to, which was said to be the town record of the town of Frankfort in said Franklin county, appears from the evidence to have been produced on the trial, but it is not included in the record made up in this case and as we have no opportunity of inspecting it, we cannot say whether or not it was such a record as was contemplated by the statute in question.

Page 29 of the record however was admitted and read in evidence and is contained in the record. The only objection made to it was that the town record of which it was a part, was not such a record as was required by statute. Said page as read, contains a statement of the result of the vote upon the question of "anti-saloon territory" which seems to have fully satisfied the requirements of the statute.

The objections to the instructions given on behalf of the people are of minor importance and do not seem to us to be well founded. As to the sufficiency of the proof, one witness, Winstead, formerly the village marshal, swore positively to a number of violations of the statute as charged in the indictment. On the other hand the defendant testified that he had some four or five months prior to the finding of the indictment in this case pleaded guilty to the same charge before a justice of the peace, been fined and paid his fine

and since that time had not sold beer or whiskey to anybody. Other evidence was introduced which tended to contradict said witness for the people, in some of the details testified to by him, but it was for the jury to say where the truth lay and upon a consideration of all the facts and circumstances in the record, we think the verdict was fully justified.

The judgment of the court below will accordingly be affirmed.

*Affirmed.*