## 2808.  JONES *v.* THE STATE.

1. An indictment or accusation charging a violation of the provisions of section 1479 of the Political Code of 1895, in that the defendant did practice medicine without registering in the office of the clerk of the superior court, is fatally defective if it fails affirmatively to allege that the county in which he is charged with having practiced medicine without registering is the county wherein he resided. The law only requires one registration by a practitioner of medicine before he commences to practice medicine in this State, and that registration is required to be made in the office of the clerk of the superior court of the county wherein the practitioner resides.

2. The exceptions stated in section 1481 of the Political Code of 1895 need not be negatived in the accusation, as they are matters of defense.

DECIDED NOVEMBER 11, 1910.

Accusation of misdemeanor; from city court of Albany—Judge Crosland. June 16, 1910:

*R. J. Bacon,* for plaintiff in error.

*J. W. Walters Jr., solicitor,* contra.

HILL, C. J. An accusation was filed against W. F. Jones, in the city court of Albany, charging him with a violation of § 485 of the Penal Code, in the following language (omitting formal parts): "The said defendant did, on the 11th day of June, 1910, in the county aforesaid [Dougherty county] unlawfully . . practice medicine and charge and receive pay for doing so, without first registering with the clerk of Dougherty superior court." This accusation was demurred to, on the ground that it set forth no crime under the law; and the case is before this court on exception to the judgment overruling the demurrer.

The Penal Code of 1895, § 485, provides that "any person who shall fail to register or who shall practice medicine or surgery in violation of the provisions of the Civil Code shall be guilty of a misdemeanor." Section 1479 of the Political Code provides, that "Every person lawfully engaged in the practice of medicine within this State, before commencing to practice, shall register in the office of the clerk of the superior court of the county wherein he resides and is practicing, or intends to commence the practice of medicine, in a book to be kept for the purpose by said clerk, his name, residence, and place of birth, together with his authority for practicing medicine, as prescribed in this chapter." We note, in passing, that the reference in the Penal Code is to the sections of the Civil Code, and the reference should have been to the sec-

tions contained in the Political Code; but this is immaterial. It will be seen that the place where the physician intending to practice must register is "in the office of the clerk of the superior court of the county wherein he resides." In other words, he is not required to register wherever he may practice medicine, but one registration in the county of his residence is sufficient. The accusation in this case states that the accused did practice medicine, and charge and receive pay for doing so, without first registering with the clerk of Dougherty county superior court. It fails to allege that Dougherty county was the county wherein he resided. It is plain that if the county of his residence was somewhere else, and in that county he had duly registered as required by law before commencing the practice of medicine, he could, under such registration, have practiced medicine in Dougherty county. In other words, the accusation wholly fails to set forth the essential elements of the offense, to wit, the failure to register in the county of the physician's residence. For this reason the accusation was defective and should have been quashed on demurrer. It is not the intention of the statute to require the practitioner of medicine to register in every county where he may practice medicine; it only requires him to register in the office of the clerk of the superior court of the county wherein he resides at the time he commences the practice of medicine; and in the accusation it should be affirmatively stated that the accused failed to register in the county of his residence before he commenced the practice of medicine. *Murray v. Williams,* 121 Ga. 63 (48 S. E. 686) ; *Herring v. State,* 114 Ga. 96 (39 S. E. 866).

2. The exceptions set out in section 1481 of the Political Code need not be negatived in the accusation, they being of defense.

*Judgment reversed.*