### 3152. McADAMS v. THE STATE.

1. The sale and the manufacture of intoxicating liquors may be charged in the same count of the indictment.
2. An indictment charging the violation of the State prohibition law need not negative the exception in the statute which allows the sale of pure alcohol under certain prescribed circumstances.

3. Where the judge, on inspection of a motion for new trial presented to him, complaining of language alleged to have been used by him, refuses to approve the ground of the motion, because his language is improperly quoted, it is his duty to inform counsel wherein the statement is inaccurate, and, upon counsel's request for the privilege, to allow him to correct the ground of the motion, so as to make it conform to the recollection of the judge. In this case the court erred in peremptorily striking the grounds of the motion; but the error was harmless, since no reversible error is presented by the grounds themselves.

4. There was no reversible error in the overruling of the motion for continuance.

5. The evidence authorized the verdict.

DECIDED APRIL 3, 1911.

Indictment for misdemeanor; from Paulding superior court— Judge Edwards. December 14, 1910.

*J. S. James,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, W. K. Fielder,* contra.

POWELL, J. The accused was arraigned under an indictment charging in a single count both sale and manufacture of intoxicating liquor. He demurred on two grounds: (1) that the joinder of the charge of manufacture and the charge of sale in the same count was not allowable; (2) that the indictment did not negative the exception in the prohibition statute which allowed the sale of pure alcohol under certain circumstances. No error. See *Hall* v. *State,* 8 *Ga. App.* 747 (70 S. E. 211); Penal Code (1910), § 433.

One of the exceptions presented by the bill of exceptions is that the court struck certain grounds of the motion for new trial, without giving counsel an opportunity to correct them, though counsel requested the privilege of so doing. These grounds complained of certain remarks, made by the judge in the presence of the jurors impaneled at the term of the court (including the particular jurors who tried the case), relating to the duty of jurors to yield their views rather than allow so many mistrials to ensue as had been ensuing in so many counties of the circuit. When these grounds were presented to the judge he said that his language was not correctly quoted. Counsel stated to the court that he had relied on his own memory, as the remarks had not been taken down by the stenographer, and that he was willing to correct the recitals in the ground of the motion if the judge would only indicate the way in which the correction should be made. The judge stated that he remembered perfectly what he had said, but that it was not his business to furnish counsel with this information, and that, unless counsel caused

the grounds to be corrected so as to conform to his recollection, they would be stricken; and as it was impossible for counsel to comply with this, the grounds were stricken.

We think that the judge mistook his duty in the premises. Where counsel makes a bona fide effort to set forth the facts of the case in connection with any matter which he desires to have incorporated as a part of the record, be it in a ground of a motion for new trial, in the brief of the evidence, in an exception pendente lite, or in the final bill of exceptions, and the court recollects differently from counsel, and for that reason refuses to approve the recitals as presented, and counsel expresses a willingness to change them to conform to the recollection of the court, it is the duty of the court to give him reasonable opportunity to do so, and to indicate what changes the court thinks should be made.

However, upon examining the grounds presented in this case, we find that, even if they had been certified, we could not grant a new trial because of the facts presented in them. Even if the remarks complained of were improper (and, since court and counsel are at a disagreement as to what the remarks really were, we shall not undertake to say whether they were or were not proper, further than to say that the remarks as quoted by counsel would not have been proper), it was the duty of counsel to raise this question by challenge to the jurors who had heard the remarks, and he can not, after having gone to trial before the jury with full knowledge of the fact that the remarks had been made, and having taken the chance of securing an acquittal, now complain of what happened before the jury was selected.

If we should consider the grounds of the motion for new trial relating to the motion for continuance, without looking further into the record, we would have to hold that the court erred in not granting the continuance, for the motion seems to have been legally complete; but on examining the entire record we find that it was in fact not meritorious, for it was disclosed at the trial that the transaction as to which these witnesses would testify was not the transaction as to which the defendant was convicted, for the defendant in his statement to the jury gave the names of those who were present at the time of the transaction testified to by the State's witnesses, and thus disclosed that neither of the two witnesses to whom the motion for continuance related was present; and as the

matters as to which their testimony would have related, according to the motion for continuance, were matters as to which they would not have known anything if they had not been present, it is plain that the motion for continuance relates to one transaction, and the case, as tried, to another.

There was ample evidence to authorize the conviction of the accused, and we find no valid reason in the record for reversing the judgment.              *Judgment affirmed.*