DAND, J.
Relator was charged, on information filed in the Twenty-Ninth judicial district court, parish of St. Bernard, with unlawfully taking oysters from a certain natural reef of this state without immediately replacing and scattering broadcast the dead shells and small oysters measuring less than three inches from hinge to mouth upon said natural reef from which they were taken, contrary to the form of statute, etc
The relator demurred to the information, because the statute only punishes the offense of having in his possession, off of natural reefs, any natural reef oysters, unculled according to law, and further provides that the amount of unculled oysters shall not exceed five per cent., and because the information did not set forth any fact or statement of facts with sufficient certainty as to apprise the - relator of the nature and cause of the accusation which he was called upon to answer.
The demurrer was overruled, and after duly excepting to the ruling the relator pleaded not guilty. The case was tried, and the relator was found guilty, and was sentenced to pay a fine of $100 and costs, or to be imprisoned for 90 days.
[1] The case is before us on a writ of certiorari to test the legality of the proceedings, which depend on the proper construction of the second paragraph of section 15 of Act No. 180 of 1910, to regulate the oyster industry, etc.
Said paragraph reads as follows, to wit:
“All oysters taken from the natural reefs of this state shall be culled upon their natural reefs as taken, and all oysters which measure less than three (3) inches from hinge to mouth, and all dead shells shall be immediately replaced and scattered broadcast from the natural reefs from which they are taken. No captain or person in charge of any vessel, and no canner, packer, commission man, dealer or other person shall have in his possession oil the natural reefs any natural reef oysters not culled according- to the provisions of this act. Any excess of over five (5) per cent, of dead shells and oysters under the size prescribed herein in any cargo or lot of oysters shall be considered a violation of this act. * * * To determine said percentage when found necessary, no oyster under one inch in length from hinge to mouth shall be counted, and each half shell of proper size shall be counted as one.”
The contention of the relator is that all three of the sentences should be construed together, and that no offense is alleged unless it be charged that the vessel was off the natural reef with an excess of 5 per cent, of unculled oysters and of dead shells.
Our learned Brother of the district court answered that in his opinion the said paragraph set forth two distinct offenses, one the fishing of oysters on natural reefs, without culling them and immediately replacing and scattering the culls and dead oysters on the natural reefs from which they are taken, and the other, the having in possession, off natural reefs, unculled oysters and dead shells beyond 5 per cent, of the cargo or lot.
The purpose of the lawmaker was to conserve natural oyster reefs, by requiring the immediate replacement and scattering thereon of immature oysters and dead shells. The information charges that the relator did not comply with this requirement, and section 24 of the act provides that any person violating any of its provisions shall be deemed guilty of a misdemeanor. In order to prevent the transportation and traffic in uneulled reef oysters, the lawmaker penalized the possession of the same off natural reefs by any person, where the cargo or lot contains an excess of over 5 per cent, of dead shells and oysters under one inch in length *463 from hinge to mouth. It is evident that the possession of unculled oysters off natural reefs, is essentially different from the taking or catching of oysters on natural reefs. In the latter case the offense denounced is, not the possession of unculled oysters, but the failure to cull them on natural reefs in the manner prescribed in the act. The excess of 5 per centum in any cargo or lot of oysters has no application to catching oysters and culling them upon their natural reefs as taken. It is to be noted that the catcher is required to immediately replace all oysters measuring less than three inches from hinge to mouth, while in determining the percentage of dead shells and small oysters in any cargo or lot, no oyster under one inch is counted. The necessary implication is that for such purposes all oysters one inch or over may be counted.
It appears that the lawmaker deals more liberally with the possessor of unculled oysters, than he does with the catcher, the primary offender against the provisions of the statute.
[2] The information is in the words of the statute, and the description of the offense is not modified by any proviso or exception. If the relator had any special permit to take unculled or seed oysters, the burden was on him to prove it.
It is therefore ordered that writs herein issued be recalled, and that this proceeding be dismissed, with costs.